Affirming.
The appellant complains of a judgment of the Ohio circuit court wherein, by mandatory injunction, it is required to remove the piling which supports its trestle No. 32, where it crosses the Roy Muffet public ditch in Ohio county, Kentucky. It complains that this injunction would require the construction of a $15,000.00 steel bridge to span this ditch. This action as begun was an action at law to recover alleged damages to this ditch claimed to have resulted to it by the maintenance of a pile bent trestle across it by the appellant, and in the prayer of the petition appellee asked that appellant be compelled by mandatory injunction to remove the alleged obstruction. Upon motion of appellant, it was transferred to equity. Appellee afterwards moved to submit the question of damages to a jury; the appellant objected and this is the last we hear of the matter of damages in this record. The case was prepared and heard upon the question of removing the alleged obstruction with the result above noted.
The ditch is only 32 feet wide, but is crossed by the railroad at a sharp angle, approximately 45 degrees. *Page 632 
Crossing this ditch at such an angle has caused the appellant to have great difficulty in so placing its piling as not to obstruct the ditch.
In 1921, when proceedings were pending in the Ohio county court for the establishment and construction of this drainage district and ditch, on the 7th of February, the appellant filed in those proceedings its exceptions to the viewers' report. Exceptions were also filed by the Illinois Central Railroad Company and the Chicago, St. Louis and New Orleans Railroad Company. 'These exceptions were based not only on the amount of assessment apportioned against these railroads but also because the report failed to allow, especially to the appellant herein, any damages on account of the railroads' being compelled to erect steel bridges to carry their tracks over the proposed ditch. Mr. P.W. Starks, the appellant's roadmaster, testified for appellant that the railroads above mentioned held a meeting, at which possibly the ditch commissioner or his representative was present, and at which meeting the railroads concluded to waive their objections above mentioned if permitted to demonstrate that the openings for the ditches could be cared for by pile trestles in lieu of steel girders. Thereafter on May 2, 1921, the Ohio county court entered a judgment which is endorsed on the back thereof as follows:
 "S.L. Keene, Drainage Commissioner of Ohio County v. Agreement L. N. R. R. Co.
 "Filed July 12, 1924, P.F. Black, clerk by G.D. Royle, D.C."
This judgment sustained in part certain exceptions of the Illinois Central Railroad Company, and made certain provisions with regard to the structure of the L. N.'s right of way at trestles Nos. 32, 34 and 36 of the L. N. With reference to the trestle here in issue, the judgment recited:
 "It is further adjudged that the Louisville and Nashville Railroad Company shall not be required to incur any expense at trestle No. 32 before November 1, 1921, except to let the dredge boat pass through said trestle. It is further ordered and adjudged by the court that all the demurrers and exceptions *Page 633 
filed by petitioners be and they are each overruled, . . . The engineer's report has heretofore been modified by orders of court and as so modified said report is now confirmed and the ditch and laterals are ordered constructed as described therein and modified as aforesaid and as herein directed."
From the testimony of Mr. Starks introduced by appellant and from the endorsement on the back of the judgment hereinbefore mentioned, it is perfectly clear that the appellant and appellee in the proceedings in the county court reached an agreement which they embodied in the judgment referred to, which agreement was inter alia that the L. N. would no longer insist on its exceptions to the viewers' report and its right to compensation for constructing a steel span bridge in lieu of a bridge supported by piling at trestle No. 32, if the commissioner would not require in such judgment the steel span bridge to be substituted for the piling, and would permit the carrier to demonstrate by actual use that the pile bent trestle would be as adequate for the drainage needs as the steel span bridge. It is clear that the judgment contemplated that the reasonable time for such demonstration would be between the entry of the judgment, the construction of the ditch, and November, 1921. It is quite apparent that both parties contemplated and the agreement embodied in the judgment was to the effect that the carrier should have a reasonable time after the construction of the ditch to demonstrate the adequacy of the pile bent trestle. It is also clear that the judgment necessarily implied that after the test period prescribed in the judgment the question as to whether or not the pile bent trestle constituted an obstruction to the ditch should be an open one, and whether or not it should be removed and a steel span trestle substituted should, in the absence of an agreement by the parties, depend on the answer given by a court to such question, should the parties be unable to agree on such answer resort to such tribunal for a decision on such dispute.
In due season the appellant made the necessary arrangements and allowed the dredge boat to pass through, then restored its pile bent trestle, and has since maintained it. This litigation grew out of that. It does not appear that any right to do this was ever obtained by the appellant, as contemplated by section 2380-23 of our *Page 634 
statutes. Appellant contends it was given this right by the judgment of the county court in the proceeding to establish the ditch. All that is said in that judgment about this we have quoted above, and we can not find in that any permission to keep these piles in the ditch, if they prove to be obstructions to the flow of the water. Reading that judgment in the light of the contention then being made by the appellant, we can not escape the conclusion that it was by that judgment contemplated that within a reasonable time after November 1, 1921, it would be demonstrated whether or not this pile bent trestle would obstruct the flow of the water in the ditch, and if it did that, the appellant would remove this pile bent trestle. No one can read this and doubt for a moment what these parties contemplated. The piling were left in the ditch. The appellee alleged in its petition that the effect of leaving these piling in the ditch was to cause it to fill. Appellant had several engineers testify, one of whom said: "The capacity is undoubtedly less now than it was on its completion." Another said: "The ditch has filled to some extent for approximately 2,000 feet up stream from trestle 32."
Of course, the witnesses for the appellee made it still stronger. The drainage commissioner testified that the piling driven in this ditch to support this trestle was so placed that when you stand in the center of this ditch, and look down it, you can scarcely see down the ditch for the piling. He further testified that drift had accumulated under this trestle five feet deep, and that it nearly stopped the passage of the water. Another witness testified that he had been at this trestle in flood time, and that everything above the railroad was covered with water, while below the railroad, the ditch lacked 16 inches of being full. A former drainage commissioner, who is a civil and drainage engineer, testified that he had been at this trestle at flood times, and that all the water above the bridge seemed to be stopped and practically dead; that the water was higher above the railroad than it was below. Even the appellant's witness, Mr. Leahy, testified that the capacity of this ditch is undoubtedly less now than it was on its completion. Another of its engineers admitted that the ditch has filled to some extent for approximately 2,000 feet up stream from this trestle. One of its engineers said that if all the water were confined in the ditch and carried to trestle 32 in his opinion, *Page 635 
the trestle would be insufficient. The appellee's engineer, Poole, said:
 "Of the 507 square feet in the cross section above R. R. bridge 32, 152 square feet are occupied by the bents, 139 square feet in the clear current, and 225 square feet in bad alignment and to the side of main current. In floods the 130 square feet is overworked; 225 square feet is effective to possibly 85 per cent — it seems to me a safe estimate 60 per cent. This gives the carrying capacity of ditch at the R. R. bridge 265 square feet. As there is a good outlet below the ditch of more than 300 square feet capacity the burden from this conclusion is on the R. R. bridge."
This trestle is supported by 66 piling, each of which is not less than 15 inches in diameter, and of these 18 are driven in the ditch proper, while the remaining 48 are in the opening, but not within the ditch itself. The record shows that the appellant did its utmost to so place its piling as not to obstruct the ditch, but was unable to do so. This court has been materially assisted in arriving at a knowledge of the conditions existing at this trestle by some splendid photographs filed in the record, and by a very fine lot of maps and drawings. The evidence shows that the appellant has used scrupulous care to keep this ditch open and clean at this trestle, but the photographs show that it has failed, and the evidence of the witnesses shows the same. Therefore, this case is not like the case of L. N. R. R. Co. v. Franklin, 170 Ky. 645, 186 S.W. 643. In that case, this court said:
 "Undoubtedly the trestle over the Franklin ditch was improperly constructed and is so maintained. . . . There is no testimony in the record conclusively showing that it is not practicable for appellant to keep the debris from catching on the piling, and if, as may be inferred from the evidence, appellant can keep the ditch free of obstruction and yet retain the piles, it ought to be permitted to do so."
Consequently, because of this difference, the court did not err when it required appellant to remove this piling from the ditch. However, the judgment should be so modified as to allow the defendant a reasonable time *Page 636 
from the entry of the mandate of this court, in which to remove this pile bent trestle. The period contemplated by these parties for determining whether or not this pile bent trestle could be maintained without obstructing the ditch can not be said to have ended previous to the institution of this suit as so far as this record shows that appears to have been the first notice or intimation the defendant had that its trestle was an obstruction. The defendant had no reason to anticipate that the removal of this trestle would be required, until it received some notice or until this suit was begun, and as it must have some sort of structure across this ditch, and such a structure can not be instantly installed, it was entitled to a reasonable time after it was sued or notified, in which to provide a different structure and it will not be responsible for damages resulting from the maintenance of this trestle until after the receipt of such notice or the institution of this suit, and such further reasonable time as would enable it to provide a different sort of bridge at this place.
With this modification, the judgment is affirmed.